Mrs. Annie **MILES**, on behalf of Barbara A. Miles, Plaintiff,

v.

Robert H. **FINCH**, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 33629.

United States District Court, E. D. Michigan, S. D.

Nov. 17, 1970.

Walter P. Stewart, Dingell, Hylton & Zemmol, Detroit, Mich., for plaintiff.

James H. Brickley, U. S. Atty., by Robert A. Rosenberg, Asst. U. S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM

THORNTON, District Judge.

Plaintiff, Mrs. Miles, seeks surviving child's monthly insurance benefits under Section 216 of the Social Security Act, as amended, (42 U.S.C.A. § 416(e)), on behalf of the child, Barbara A. Miles, who was legally adopted by plaintiff April 4, 1968. The matter is here on review by Certification of defendant who has denied plaintiff's application for said benefits.

Plaintiff's husband died January 9, 1965. The child had been cared for by plaintiff and plaintiff's husband almost from her birth in 1955. The deceased

husband had been receiving disability benefits for some years prior to his death. About six months after her husband's death plaintiff instituted adoption proceedings. These were delayed, apparently due to the refusal of the child's natural mother to consent. The adoption was legally completed April 4, 1968. This represents an elapsed period of time of three years and about three months from the date of the husband's death.

The sole issue here appears to be whether or not the three-year period between the date of death and the adoption may be ignored in favor of an "equitable adoption" theory, so as to avoid the application of the Section 216 two-year requirement. It appears that plaintiff is entitled to the benefits here sought if such be permitted.

Section 216 (42 U.S.C.A. § 416(e)) of the Social Security Act reads as follows:

"The term 'child' means (1) the child or legally adopted child of an individual * * *. For purposes of clause (1), a person shall be deemed, as of the date of death of an individual, to be the legally adopted child of such individual if such person was at the time of such individual's death living in such individual's household and was legally adopted by such individual's surviving spouse after such individual's death but only if (A) proceedings for the adoption of the child had been instituted by such individual before his death, or (B) such child was adopted by such individual's surviving spouse before the end of two years after (i) the day on which such individual died * * *."

The plaintiff relies upon the case of Craig v. Gardner, 299 F.Supp. 247 (N. D.Tex.1969). The Court of Appeals for the Fifth Circuit recently reversed the holding in that case. 425 F.2d 1005 (C. A. 5, 1970). The Craig case, therefore, is now directly contrary to plaintiff's position. We are unable to find authority that would permit us to decisionally interpolate statutory language that is as explicit as that which is here. The statute (subsection (A)) makes reference to pending adoption proceedings which are not completed at the time of the death of the wage earner. In contrast to the above situation there is a provision immediately following (subsection B) allowing for a two-year period in which proceedings commenced after the wage earner's death may be completed and enable the child to qualify, provided the adoption is *completed* before "the end of two years" after the death of the wage earner. We adopt here, by reference, the rationale of Judge Dyer in the *Craig* case, *supra,* and must, therefore, affirm the conclusion of the defendant.

The findings of fact of the Secretary of Health, Education and Welfare are supported by substantial evidence, and his legal conclusions are in accordance with the law. A judgment may be presented by the defendant in conformance with the foregoing.